United States Bankruptcy Court
Northern District of Florida

In re:  
Maame-Mensima Albertha Horne  
      Debtor

Case No. 19-10059-KKS  
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 1129-1      User: jhawkins      Page 1 of 1      Date Rcvd: Jun 16, 2020  
                           Form ID: pdf002     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 18, 2020.  
db        +Maame-Mensima Albertha Horne,   1034 NE 31st Avenue,   Gainesville, FL 32609-2336

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                                        TOTAL: 0

         ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 18, 2020                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 16, 2020 at the address(es) listed below:  
            Barbara A. Cusumano   on behalf of Debtor Maame-Mensima Albertha Horne Barbara@BarbaraDebtLaw.com, BarbaraDebtLaw.CaseManager@gmail.com  
            United States Trustee    USTPRegion21.TL.ECF@usdoj.gov  
                                                                                                   TOTAL: 2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IN RE:

MAAME-MENSIMA ALBERTHA HORNE,   CASE NO.:  19-10059-KKS
                                CHAPTER: 7
    Debtor.
_____/

## ORDER DENYING FORMER DEBTOR'S *MOTION TO REOPEN CASE* (DOC. 18)

The motion before the Court tells an alarming tale. Apparently, a college financial advisor or representative of Federal Student Aid has convinced former Debtor, a student, to use bankruptcy in order to qualify for federally insured "grad PLUS" loans."[1] Based on this advice, former Debtor has moved to reopen this case so she can convert to Chapter 13 and borrow money in the form of student loans. This is a very bad idea. For the reasons set forth below, the Motion to reopen this case is due to be denied.

---

[1] Direct PLUS Loans are commonly referred to as grad PLUS loans; they are federal loans that graduate or professional students can use to help pay for college or career school. PLUS loans can help pay for education expenses not covered by other financial aid. U.S. Dep't Educ., *Direct Plus Loans*, Federal Student Aid, https://studentaid.gov/understand-aid/types/loans/plus/grad (last visited June 12, 2020).

1

KKS with assistance from JJ

Former Debtor, Maame-Mensima Albertha Horne ("Ms. Horne"), filed her Chapter 7 petition March 8, 2019.[2] The Chapter 7 Trustee filed a report of no distribution May 7, 2019, the Court entered an order discharging debtor July 2, 2019, and the case was closed July 3, 2019.[3] On May 14, 2020, Ms. Horne filed a *Motion to Reopen Chapter 7 Case* ("Motion") and a *Motion to Waive the Reopen Fee*.[4]

According to her Motion, Ms. Horne is a student studying homeopathic medicine at Southwest College of Naturopathic Medicine. Against the advice of her former bankruptcy attorney, she seeks to reopen her Chapter 7 case and convert it to Chapter 13 so she may qualify for grad PLUS educational loans.[5] Ms. Horne asserts that she was "informed by Federal Student Aid" that she did not qualify for a grad PLUS loan unless she had an endorser or converted her Chapter 7 to a Chapter 13 bankruptcy.[6] In her words, "[b]ecause I am unable to obtain an endorser, I am submitting this pleading to convert my bankruptcy to Chapter 13 so that I can meet my financial obligations for the remainder of the quarter and as needed for the next 3.5 years."[7]

---

[2] Doc. 1.
[3] Docs. 10; 14; 15.
[4] Docs. 18, 20.
[5] Doc. 20.
[6] *Id.*
[7] Doc. 18.

2

Ms. Horne alleges that she already owes student debt. She listed $0 student loans on her Schedules when she filed her Chapter 7 petition on March 8, 2019,[8] so it appears that Ms. Horne may have borrowed student loans after she received her Chapter 7 discharge.

Ms. Horne claims to be under financial stress: she is working part-time jobs while a full-time student; when she filed the Motion she was apparently unable to pay her rent and could not afford the fee for reopening this case.[9] Upon the suggestion of someone at her school or at a Federal Student Aid office, Ms. Horne has decided that borrowing additional student loans to cover her living expenses while in a Chapter 13 is a way out of that stress.

It is extremely unfortunate—and frankly outrageous—that someone in a financial aid office or other position of authority over higher-education lending has been able to convince Ms. Horne, and perhaps others like her, that filing or converting to Chapter 13 in order to qualify for student loans is a good idea. Not only is that a terrible idea, whoever gave Ms. Horne that advice is just plain wrong.

---

[8] In her Schedules E/F Debtor listed a total of $25,104 in unsecured, non-priority debt, of which she listed $0 as student loans. Doc. 1, pp. 18-20.
[9] Doc. 20, p. 1.

3

If the Court were to grant Ms. Horne's Motion and reopen this case, it is likely that Ms. Horne would not be eligible to be a Chapter 13 debtor because she does not have regular income as required by 11 U.S.C. § 109(e).[10] When she filed her Chapter 7 petition, Ms. Horne had no income and no non-exempt assets.[11] Although Ms. Horne now asserts that she works part-time, she is obviously not making enough money to even pay her monthly expenses. So, there is little prospect of her being able to file a confirmable Chapter 13 plan that pays her existing and planned future student loans.

Even if the Court granted Ms. Horne's Motion and allowed her to convert her case to Chapter 13, in this district Ms. Horne would need Court approval to incur post-petition debt, including grad PLUS loans.[12] This Court is unlikely to approve post-petition financing in Chapter 13 cases absent a clear showing that it is in the best interests of the debtor, not adverse to the bankruptcy estate, and in furtherance of the debtor's

---

[10] *Statement of No Employment Income*, Doc. 5; *see also* Doc. 1, pp. 23-24. 11 U.S.C. § 109(e) (2020) (only individuals with regular income may be debtors under Chapter 13).

[11] Doc. 1, pp. 14-16.

[12] *E.g., In re Ward*, 546 B.R. 667 (Bankr. N.D. Tex. 2016) (after thorough analysis of Bankruptcy Code sections pertaining to post-petition borrowing, court denied Chapter 13 debtor's motion for reconsideration of denial of motion to borrow funds to buy a car at more than 20% interest); *but cf. In re Fields,* 551 B.R. 424 (Bankr. D. Minn. 2016) (denied Chapter 13 debtor's motion to approve post-petition financing, finding no statutory basis for requiring prior bankruptcy court approval).

4

plan. That is especially true where, as here, there is no evidence that the debtor has the means or ability to repay the post-petition loans through a Chapter 13 plan.[13]

Under 11 U.S.C. § 350(b), the Court may reopen a closed bankruptcy case to administer assets, accord relief to the debtor, or for other cause.[14] Courts have found it improper to grant a debtor's motion to reopen when it is "clear at the outset that no relief would be forthcoming to the debtor by granting the motion to reopen."[15] It is clear that reopening this case would not result in the relief sought here by Ms. Horne.

While Ms. Horne's desire to further her education is admirable, and the Court is not unmindful of her financial stress, the Court cannot conclude that reopening her bankruptcy case for the purpose of borrowing additional money, in the form of student loans, would be in Ms. Horne's

---

[13] *Compare In re Nacci,* 586 B.R. 733 (Bankr. N.D. Ohio 2018) (bankruptcy court approved above-median debtor's $16,000 Parent Plus loan for their daughter, finding that payments would come due only after the debtors completed their Chapter 13 plan and the loan would not affect debtor's Chapter 13 plan payments to other creditors). *Id.* at 736 ("There is no provision in the Bankruptcy Code that specifically authorizes an individual chapter 13 debtor to incur postpetition debt. This is probably because the 1978 version of Congress never dreamed debtors would consider huge educational loans for children.").

[14] 11 U.S.C. § 350(b) (2020); Fed. R. Bankr. P. 5010 ("A case may be reopened on motion of the debtor . . . pursuant to § 350(b) of the Code.").

[15] *In re Pennington-Thurman*, 499 B.R. 329, 331 (B.A.P. 8th Cir. 2013), *aff'd*, 559 F. App'x 600 (8th Cir. 2014); *In re Wilson*, 492 B.R. 691, 694–95 (Bankr. S.D.N.Y. 2013) (*citing In re Otto*, 311 B.R. 43, 47 (Bankr. E.D. Pa. 2004), *order vacated on other grounds sub nom. Crayton v. Otto*, No. 04-CV-02506, 2005 WL 8153750 (E.D. Pa. Mar. 31, 2005)).

5

best interest. Because federal student loans are generally not dischargeable in bankruptcy,[16] if this Court were to grant the relief Ms. Horne is requesting it would place her in the untenable and unenviable position of exiting bankruptcy with far more non-dischargeable debt than she had when she arrived.

Ms. Horne received good advice from her former bankruptcy attorney; she received terrible advice from some financial aid advisor. Hopefully, Ms. Horne can find a way to realize her medical career goals by obtaining scholarships and grants, as she is in the process of pursuing. If she has no other viable avenues, it appears Ms. Horne might qualify for additional student loans without bankruptcy if she cures delinquencies in the student loans she apparently already has.[17] She may also be eligible to file a new Chapter 13 in the district where she currently resides, although based on her current situation it is doubtful such an endeavor would achieve her goals.

---

[16] *See* 11 U.S.C. § 523(a)(8)(2020).

[17] "As long as there are no delinquencies or defaults on student loans currently in repayment, the student should be eligible for additional federal student loans, regardless of any past bankruptcies. However, if some of the student's federal student loans are in default and were not included in a bankruptcy, the student will not be able to get further federal student aid until he resolves the problem. Students with loans in default should contact the lender (or servicer or current holder of the loan) to set up a satisfactory repayment plan in order to regain eligibility for federal student aid." *Bankruptcy and Financial Aid*, FinAid.org, https://www.finaid.org/questions/bankruptcy.phtml (last visited June 12, 2020).

6

Granting Ms. Horne's Motion to reopen this case will not provide relief to Ms. Horne that this Court finds would be in her best interest; no other cause exists on which this Court should grant the Motion.

For the reasons stated,

It is ORDERED:

1. The *Motion to Reopen Case* (Doc. 18) is DENIED.
2. The *Motion to Waive the Reopen Fee* (Doc. 20) is DENIED, as moot.
3. The hearing on both Motions, currently scheduled for July 2, 2020, is CANCELED.

DONE and ORDERED on ___June 16, 2020___.

KAREN K. SPECIE
Chief U.S. Bankruptcy Judge

cc: All interested parties.